UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-120 |
| | § | |
| CASTILLO, *et al*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS AND DENYING WITHOUT PREJUDICE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, a Texas state prisoner currently incarcerated at TDCJ-CID's Connally Unit in Kenedy, Texas, filed his original complaint on April 26, 2013, alleging that officials at the McConnell Unit conspired to assault him and did assault him, and after his transfer to the Connally Unit, officials have and continue to retaliate against him, deny him access to the law library, tamper with his mail, subject him to false disciplinary actions and deny him medical care (D.E. 1). Plaintiff seeks a temporary restraining order and preliminary injunction (D.E. 2). His claims have not yet been screened because he has not yet complied with the requirements of the PLRA. The defendants at the McConnell Unit are found in Bee County, located in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6), and the defendants at the Connally Unit are found in Karnes County, located in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissal of an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claims against a party.

FED. R. CIV. P. 21.

Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977, (1968). See also Value Line Fund, Inc. v. Marcus, 161 F. Supp. 533 (S.D.N.Y. 1958); Michigan Tool Co. v. Drummond, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986).

Here, the adjudication of plaintiff's claims against the defendants located at the Connally Unit with those claims against the McConnell Unit defendants would be inefficient. Moreover, defendants from the Connally Unit would likely raise meritorious personal jurisdiction and venue defenses; at the very least they would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, all of plaintiff's claims against the Connally Unit defendants, identified as Officer Reynolds, Officer Garcia and other law library personnel, Officer Peterson, Warden Bright, Officer Merrell and other Connally Unit mailroom personnel, Connally Unit medical personnel, Officer Lt. Ashesworth, Sgt. Kindler, Major Quintana, and any other official at the Connally Unit are transferred to the San Antonio Division of the Western District of Texas. Plaintiff's claims against the McConnell Unit defendants,

identified as Sgt. Castillo, John Does 1 through 6, Senior Warden Currie, Assistant Warden Monroe, Assistant Warden Barber, and any other McConnell Unit defendants, are retained in this Court and will be screened after plaintiff complies with the requirements of the PLRA. 28 U.S.C. § 1915.

Plaintiff's application for a temporary restraining order and preliminary injunction (D.E. 2), insofar as he seeks relief from McConnell Unit defendants, is denied without prejudice as moot because plaintiff was transferred and no longer faces any danger from any of the McConnell Unit defendants. Plaintiff may renew his motion for injunctive relief after his Connally Unit claims are received in the San Antonio Division of the Western District of Texas by seeking relief in that court.

SIGNED and ENTERED this 23rd day of May, 2013.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE